## ANNA M. WHITE & another *vs.* THE FITCHBURG RAILROAD CORPORATION.

On the trial of a petition before a sheriff's jury, for an assessment of damages for land taken for a railroad, evidence is not admissible to show the price paid by the respondents, for land adjoining the land in question, under an award of arbitrators mutually agreed upon to estimate the same.

THIS was a complaint against the respondents, for an assessment of the damages for taking the petitioners' land, in the construction of the Watertown branch railroad.

At the trial before a sheriff's jury, the petitioners offered to prove, that the respondents having laid out their railroad through land of Levi Thaxter which was adjoining the petitioners' land, Thaxter made a deed thereof to the respondents, but not being able to agree upon the price, the parties submitted the matter to the determination of arbitrators, who awarded a certain sum to be paid for the land, which was accordingly paid by the respondents.

The sheriff rejected the evidence, and at the request of the petitioners certified his ruling.

*A. H. Nelson*, for the petitioners, referred to *Wyman* v. *Lexington & W. Cambridge Railroad Co.* 13 Met. 316, 326, in which it was decided, that the price voluntarily paid by a railroad company for land of another person adjoining the land taken, was admissible in evidence, and the court said that " if it had been a price fixed by a jury, or in any way compulsorily paid by the party, the evidence of such payment would be inadmissible ; " and he argued that the price paid under the award, could not be said to be "in any way compulsorily paid."

THE COURT, without calling upon *E. Buttrick*, for the respondents, overruled the exception.